**Signed: May 27, 2008**



```
_____
         LESLIE TCHAIKOVSKY
         U.S. Bankruptcy Judge
_____
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 08-40509 TG
                                         Chapter 13
MARIA LINDA HUTALLA,

            Debtor.
_____/

**MEMORANDUM RE DISMISSAL OF CASE**

    The above-captioned chapter 13 case was filed on February 4, 2008. The debtor failed to file a credit counseling certificate as required by 11 U.S.C. § 109(h) or an application for a temporary waiver of the requirement together with a declaration of exigent circumstances as permitted by 11 U.S.C. § 109(h)(3). Section 109(h)(3) authorizes the Court to give the debtor an additional 30 days after the petition is filed to obtain credit counseling provided the debtor establishes that: (1) she attempted to obtain pre-petition credit counseling within five days before filing the petition and was unable to do so and (2) exigent circumstances prevented her from waiting to file until she was able to obtain credit counseling.

    On February 20, 2008, the chapter 13 trustee filed a motion to dismiss the case for failure to file a declaration of exigent

circumstances. On March 5, 2008, the debtor filed a declaration stating that she filed the case to stop the foreclosure sale of her home which scheduled for February 4, 2008. She stated that she first learned about the foreclosure on January 31, 2008 and that this information rendered her so ill that she was unable to attempt to obtain credit counseling during the five day period. She stated that she forced herself out of bed to file the petition.

Given the notice requirements for foreclosure sales, the debtor's statement that she first learned about the scheduled sale on January 31, 2008 is of questionable credibility. However, even if the Court accepts this statement as true, the debtor has still not satisfied the statute for two reasons. First, the statute does not excuse a debtor from attempting to obtain credit counseling during the five days before filing the petition for reasons of illness. Second, even if it did, the Court may only give the debtor a maximum of 45 days from the petition date to obtain counseling. The debtor has never filed a credit counseling certificate and does not appear to have obtained counseling during this 45 day period.

END OF DOCUMENT

2

COURT SERVICE LIST

Melba Espartero-Cawit
Law Offices of Melba Espartero-Cawit
38142 Fremont Blvd.
Fremont, CA 94536